UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) NO. 2:19CR78-PPS |
| ROBERT HUDSON, | ) |
| Defendant. | ) |

**OPINION AND ORDER**

On November 22, 2022, I revoked Robert Hudson's term of supervised release based on his admission that he had used marijuana and cocaine. [DE 87 at 1.] I sentenced Hudson to a term of 7 months imprisonment, and recommended that the Bureau of Prisons give him credit for time served. [*Id*. at 3.] Acting *pro se*, Hudson has filed a letter complaining that he believes he has served his time and should be released from federal custody. [DE 88.] I am unable to grant Hudson's request for assistance in the matter.

The Supreme Court determined long ago in *United States v. Wilson*, 503 U.S. 329, 334-35 (1992), that the Bureau of Prisons, by delegation from the Attorney General, is vested with the authority to determine credit toward a sentence of imprisonment. *See also* 18 U.S.C. §§ 3585(b), 3621(b). The sentencing court has no such authority. *See United States v. Walker*, 917 F.3d 989, 993-94 (7th Cir. 2019) ("even if it had wanted to give Mr. Walker credit for the time in question, the district court could not have done so"). After exhausting any sentencing credit dispute through the Bureau of Prisons' internal administrative process, an inmate may seek review from a district court by filing a

petition under 28 U.S.C. §2241 in the district where the inmate is incarcerated. *Walker*, 917 F.3d at 994.

In my role as the sentencing judge, I have no authority to second-guess the determinations of the Bureau of Prisons concerning Hudson's credit for jail time and his release date. On the basis of Hudson's letter I can take no action in Hudson's favor with respect to the computation of his prison time. Nonetheless I note that Hudson's letter presents a mere snapshot of the complicated history of his custody status throughout this case. Hudson is now in the Lake County Jail, and I am not aware of any state sentence that bears any relation to his revocation sentence. Furthermore, unlike Hudson's original judgment, the revocation judgment contains no recommendation for the sentence to be served concurrently with any state sentence. [DE 64 at 2; DE 87 at 3.] The Bureau of Prisons is responsible tor determining whether to accept my recommendation about awarding credit for "time served," and whether such credit could be applied if Hudson received credit for the same period of time against other sentences imposed by the State of Indiana.

ACCORDINGLY:

The Court will take no further action on Robert Hudson's letter filed December 8, 2022. [DE 88.]

The Clerk shall provide of copy of this order to the defendant at the institutional address from which he sent the letter.

SO ORDERED.

ENTERED: December 13, 2022.         /s/ Philip P. Simon
                                     UNITED STATES DISTRICT JUDGE